UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE M. DAVIS,<br><br>           Plaintiff,<br><br>      vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>           Defendants. | Case No. CV 14-6095-GW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Jamie M. Davis has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  The Complaint was received by the Court on August 4, 2014, and filed on August 20, 2014, after Plaintiff was granted leave to proceed *in forma pauperis*.  The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2).  Based upon the reasons set forth below, the Court dismisses the Complaint with leave to amend.

### STANDARD OF REVIEW

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint

1

may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.   The Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure**

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Twombly, 550 U.S. at 555 n.3. Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Here, the 68-page Complaint contains so many irrelevant details and prolix arguments that it is difficult for the Court to determine the exact nature of Plaintiff's claims. As an initial matter, it is unclear who Plaintiff is naming as a defendant. Plaintiff provides a "list" of defendants on page 3, some of whom are listed elsewhere as defendants and some of whom are not. The complaint also contains wholly irrelevant ramblings and "exhibits" including numerous print-outs from library catalogs which are neither necessary nor relevant to the allegations presented. (Id. at 8-9, 27-46, 48-66, 68). The Complaint must therefore be dismissed. See also Clayburn v.

Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes"); Little v. Baca, No. CV 13-0373 PA (RZ), 2013 WL 436018, at *1-2 (C.D. Cal. Feb. 1, 2013) (dismissing under Rule 8, a complaint "so lengthy and given over to tangents, minute details, matters that are self-evidently opinion, speechifying and other clutter that it is neither 'short' nor 'plain'").

In amending the Complaint, Plaintiff must state each of her claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it. See Bautista v. L.A. Cnty., 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice."). Lengthy, rambling pleadings, such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal. Little, 2013 WL 436018, at *3.

**II. Plaintiff Cannot Proceed Against Defendant State of California**

Under the Eleventh Amendment, the State of California is immune from suit under 42 U.S.C. § 1983 in federal court. Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332

(1990).  "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  <u>Pittman v. Oregon Employment Dep't</u>, 509 F.3d 1065, 1071 (9th Cir. 2007)(quoting <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)).  Thus, Plaintiff's claims against the State of California cannot proceed.

**III. Plaintiff has failed to state a claim against Los Angeles Police Department, County of Los Angeles Department of Public Social Services or Reseda Police Department**

Plaintiff has sued the municipal entities Los Angeles Police Department, County of Los Angeles Department of Public Social Services or Reseda Police Department.  Municipalities and other local government units are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006).  However, because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom.  <u>Monell</u>, 436 U.S. at 694; <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity."  <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted).  In addition,

he must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id. at 918; Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are [sic] insufficient to establish custom."), overruled on other grounds by Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (*en banc*).

Plaintiff has failed to specifically identify any official policy or longstanding custom or practice of the Los Angeles Police Department, County of Los Angeles Department of Public Social Services or Reseda Police Department that is violative of her constitutional rights. Plaintiff thus has not properly stated a constitutional claim against any municipal entity. See Harris, 489 U.S. at 385 (to state claim against municipality, plaintiff must show that "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"); see also Iqbal, 556 U.S. at 678 (vague and conclusory allegations not sufficient to state claim). Accordingly, her claims against Los Angeles Police Department, County of Los Angeles Department of Public Social Services or Reseda Police Department must be dismissed.

//
//

1 | **IV.   Plaintiff Has Failed to State a Claim Against Any Defendant**
2 | **in His/Her Official Capacity**
3 | Plaintiff appears to name each individual defendant in both
4 his/her individual and official capacity.  A suit against a
5 defendant in his individual capacity "seek[s] to impose personal
6 liability upon a government official for actions he takes under
7 color of state law....Official-capacity suits, in contrast,
8 generally represent only another way of pleading an action
9 against an entity of which an officer is an agent." Kentucky v.
10 Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114
11 (1985) (internal quotation marks omitted).  Therefore,
12 Plaintiff's allegations against Defendants in their "official
13 capacity" are functionally claims against the municipal entities,
14 i.e. Los Angeles Police Department, County of Los Angeles
15 Department of Public Social Services or Reseda Police Department.
16 As discussed above, the Complaint fails to state a claim against
17 any municipality.  Therefore, Plaintiff's official capacity
18 claims should be dismissed.
19 | **V.   Plaintiff has failed to state a claim against Private Party**
20 | **Defendants  Bushnell, Bishop, Walker, Hoffman, Gibbs,**
21 | **Kyllingstatd, Montana, Darak and Kevin [LNU]**
22 | Plaintiff's § 1983 claims against defendants Bushnell,
23 Bishop, Walker, Hoffman, Gibbs, Kyllingstatd, Montana, Darak and
24 Kevin [LNU] cannot stand because they are private parties.  A
25 plaintiff suing under § 1983 must allege that a defendant acted
26 under color of state law when performing the challenged acts.
27 Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed.
28 2d 420 (1981), overruled on other grounds by Daniels v. Williams,

1  474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Haygood v.
2  Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).  "[P]rivate parties
3  are not generally acting under color of state law." Price v.
4  Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Florer v.
5  Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir.
6  2011) ("We start with the presumption that conduct by private
7  actors is not state action.").  The "bare allegation" of state
8  action is not sufficient.  DeGrassi v. City of Glendora, 207 F.3d
9  636, 647 (9th Cir. 2000).  Rather, Plaintiff "must allege facts
10 tending to show that [defendants] acted under color of state law
11 or authority."  Id. (internal quotation marks omitted).
12 "[M]erely complaining to the police does not convert a private
13 party into a state actor."  Dietrich v. John Ascuaga's Nugget,
14 548 F.3d 892, 900 (9th Cir. 2008) (alteration in original,
15 internal quotation marks omitted); see also id. ("bare allegation
16 that '[t]he defendants acted in concert in . . . removing
17 [P]laintiff and other [p]etition gatherers from the public
18 sidewalk'" insufficient to show state action (alterations in
19 original)).  Here, Plaintiff has not alleged any facts showing
20 that defendants Bushnell, Bishop, Walker, Hoffman, Gibbs,
21 Kyllingstatd, Montana, Darak and Kevin [LNU] acted under color of
22 state law.  For this reason, too, the Complaint must be
23 dismissed.
24 //
25 //
26 //
27 //
28 //

1    If Plaintiff desires to pursue any of the claims in her
2 Complaint, she is ORDERED to file a First Amended Complaint
3 ("FAC") within 28 days of the service date of this Order,
4 remedying the deficiencies discussed above.  The FAC should bear
5 the docket number assigned to this case, be labeled "First
6 Amended Complaint," and be complete in and of itself without
7 reference to the FAC or any other pleading, attachment, or
8 document.
9    The Clerk is directed to provide Plaintiff with a Central
10 District of California Civil Rights Complaint Form, CV-66, to
11 facilitate Plaintiff's filing of a FAC if she elects to proceed
12 with this action; **she should use that form and should attach at**
13 **most one or two continuation pages, omitting argument and**
14 **irrelevant facts**.
15    Plaintiff is advised that she may wish to seek help from one
16 of the federal "pro se" clinics in this District.  The clinics
17 offer free on-site information and guidance to individuals who
18 are representing themselves (proceeding pro se) in federal civil
19 actions.  They are administered by nonprofit law firms, not by
20 the Court.  The clinic closest to Plaintiff is located in Room G-
21 19 of the U.S. Courthouse, 312 North Spring Street, Los Angeles,
22 CA 90012.  It is open Mondays, Wednesdays, and Fridays, 9:30 a.m.
23 to 12 p.m. and 2 to 4 p.m.  Useful information is also available
24 on the clinics' website, http://court.cacd.uscourts.gov
25 /cacd/ProSe.nsf/.
26 //
27 //
28 //

**Plaintiff is admonished that if she fails to timely file a sufficient FAC, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: August 21, 2014

_____
HON. KENLY KIYA KATO
U.S. MAGISTRATE JUDGE