**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMIE M. DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>        Defendants. | Case No. CV 14-6095-GW (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

This is a *pro se* civil rights case filed by Plaintiff Jamie M. Davis ("Plaintiff"). On December 29, 2014, Plaintiff filed a first amended complaint ("FAC"). Docket No. 13. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

**PROCEDURAL BACKGROUND**

On August 4, 2014, Plaintiff lodged a civil rights complaint, along with a request to proceed *in forma pauperis*. Docket No. 1. On August 20, 2014, the Court granted leave to proceed *in forma pauperis* and the complaint was filed. Docket Nos. 2 and 3. On August 21, 2014, after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed the

complaint with leave to amend. Docket No. 5. Among other things, the Court found the complaint failed to comply with Rule 8; failed to state a claim against defendants State of California, Los Angeles Police Department, County of Los Angeles Department of Public Social Services; failed to state a claim against any defendant in his/her official capacity; and failed to state a claim against private party defendants Bushnell, Bishop, Walker, Hoffman, Gibbs, Kyllingstatd, Montana, Darka and Kevin [LNU]. Id. The Court ordered Plaintiff to file a first amended complaint within 28 days of the order. Id.

On October 6, 2014, after Plaintiff failed to file an amended complaint, or request an extension of time in which to do so, the Court issued a Report and Recommendation that the case be dismissed for failure to prosecute. Docket No. 7. On November 3, 2014, Plaintiff filed an "objection" to the Report and Recommendation which did not provide substantive objections, but which appeared to seek an extension of time in which to file her objections. Docket No. 9. Thus, on November 5, 2014, the Court issued an order granting Plaintiff an extension of time and ordering objections to be filed no later than November 26, 2014. Docket No. 8. On November 26, 2014, Plaintiff filed another "objection" to the Report and Recommendation which did not address her failure to prosecute, but rather, which appeared to present rambling and often unintelligible arguments that the original complaint did, in fact, state a claim. Docket No. 10. Thus, the Court ordered Plaintiff to either file an amended complaint addressing the issues raised in the Court's August 21, 2014 dismissal order, or file a statement that she wished to

proceed on the original complaint.  Docket No. 11.

On December 29, 2014, Plaintiff filed the FAC.  Docket No. 13.  After screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses the FAC.  While the Court is skeptical Plaintiff can address the deficiencies in the FAC, the Court will grant Plaintiff leave to amend.

## STANDARD OF REVIEW

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted).

## DISCUSSION

The FAC fails to state any claim upon which relief can be granted.  In fact, the FAC contains very little information regarding who Plaintiff is purporting to sue, what theory of liability she is purporting to sue under, or what facts support her theory of liability.  For example, Plaintiff lists a single defendant "State of California, et al."  FAC at 3.  She does not provide any of the requested information regarding the defendant (e.g. full address, defendant's position and title, if any, whether defendant is sued in his/her individual or official capacity, or how the defendant was acting under color of law). Id.  Additionally, Plaintiff states her claim in "Claim I" as follows:

>     My Constitutional guarantee of Safety [as
>         well as 'others', inclusive of the State
>         Judges, Administrative Law Judges and State
>         Level Judges and Commissioner(s).] [Supreme

1            Court Justices' and Higher Level Authority.]
2            [And Equal to those Executive Branch Level(s)
3            of Authority . . . Including Military –
4 Id. at 5.  This claim is incomprehensible and unintelligible and,
5 thus, fails to provide notice of the legal theory under which
6 Plaintiff purports to proceed.
7     Plaintiff also provides insufficient facts in support of her
8 claim and insufficient information regarding her requested
9 relief.  Plaintiff states her supporting facts for Claim I as:
10 "Please see: Amended Complaint to Objections (Document Title) to
11 avoid more redundancy ( ) Filed November 26, 2014 Document 10
12 pages 1 thru 8.  And Original Complaint signature of July 26,
13 2014."  Id.  Plaintiff states her request for relief as: "Please
14 re-read pages 21 thru 26 of my Original Complaint . . ."  Id. at
15 6.  Plaintiff's reference to earlier pleadings is in direct
16 contravention of this Court's August 21, 2014 Order which
17 specifically advised Plaintiff that any amended complaint must
18 "be complete in and of itself without reference to . . . any
19 other pleading, attachment, or document."  Docket No. 5 at 9.

**ORDER**

21     If Plaintiff desires to pursue any of the claims in the FAC,
22 she is ORDERED to file a Second Amended Complaint ("SAC") within
23 28 days of the service date of this Order, remedying the
24 deficiencies discussed above.  The SAC should bear the docket
25 number assigned to this case, be labeled "Second Amended
26 Complaint," and be complete in and of itself without reference to
27 the FAC, the original complaint, or any other pleading,
28 attachment, or document.

1   The Clerk is directed to provide Plaintiff with a Central
2 District of California Civil Rights Complaint Form, CV-66, to
3 facilitate Plaintiff's filing of a SAC if she elects to proceed
4 with this action; **she should use that form and should attach at**
5 **most one or two continuation pages, omitting argument and**
6 **irrelevant facts**.
7   Plaintiff is advised that she may wish to seek help from one
8 of the federal "pro se" clinics in this District.  The clinics
9 offer free on-site information and guidance to individuals who
10 are representing themselves (proceeding pro se) in federal civil
11 actions.  They are administered by nonprofit law firms, not by
12 the Court.  The clinic closest to Plaintiff is located in Room G-
13 19 of the U.S. Courthouse, 312 North Spring Street, Los Angeles,
14 CA 90012.  It is open Mondays, Wednesdays, and Fridays, 9:30 a.m.
15 to 12 p.m. and 2 to 4 p.m.  Useful information is also available
16 on the clinics' website, http://court.cacd.uscourts.gov
17 /cacd/ProSe.nsf/.

**ADVISEMENT REGARDING SECOND AMENDED COMPLAINT**

19   Because any Second Amended Complaint will be plaintiff's
20 second opportunity to amend her complaint to rectify pleading
21 deficiencies, the Court advises plaintiff it will not be disposed
22 toward another dismissal with leave to amend.  "[A] district
23 court's discretion over amendments is especially broad 'where the
24 court has already given a plaintiff one or more opportunities to
25 amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp.
26 2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.)
27 (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3
28 (9th Cir. 1987)); see also Zavala v. Bartnik, 348 F. App'x 211,

213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

If plaintiff fails to timely file a Second Amended Complaint, the dismissal will be converted to a "with prejudice" dismissal due to a lack of prosecution and failure to comply with the Court's order.  Likewise, if plaintiff does file a Second Amended Complaint, but the Second Amended Complaint fails to comply with Rule 8 or still contains claims on which relief cannot be granted, the dismissal will be converted to a "with prejudice" dismissal.

DATED: January 8, 2015

HON. KENLY KIYA KATO
U.S. MAGISTRATE JUDGE