UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE M. DAVIS,<br><br>          Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>          Defendants. | Case No. CV 14-6095-GW (KK)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## I.

## SUMMARY OF RECOMMENDATION

On December 29, 2014, Plaintiff Jamie M. Davis filed a pro se First Amended Complaint pursuant to 42 U.S.C. § 1983. On January 8, 2015, the Court issued an order dismissing the complaint with leave to amend. The Court ordered Plaintiff to file a Second Amended Complaint within 28 days of the service date of the order, and advised Plaintiff that failure to file a timely Second Amended Complaint would result in a recommendation that the action be dismissed with

<mark>1</mark>

prejudice.

The time for filing a Second Amended Complaint has now passed and Plaintiff has failed to file an amended complaint, or otherwise communicate with the Court.  Thus, it is recommended that this action be dismissed with prejudice.

## II.
## PROCEEDINGS

**A.    Original Complaint, August 21, 2014, Dismissal Order, and October 6, 2015, Report and Recommendation**

On August 20, 2014, plaintiff Jamie M. Davis ("Plaintiff"), who is at liberty and proceeding in forma pauperis and pro se, filed a 68-page civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983").  ECF Docket No. ("Dkt.") 3.  The Complaint, while not entirely clear, appeared to allege a vast and varied array of claims against a wide range of individuals and entities including the County of Los Angeles, Former Mayor Antonio Villaraigosa, the State of California, Department of Social Services, General Relief and Housing, former and current police officers, and Tony Montana.  Id. at 3.  Plaintiff's allegations included assault, false imprisonment, fraud, attempted murder, conspiracy to commit murder, negligent homicide, intentional homicide, negligent homicide, excessive force, intentional arson,  and grand larceny.  Id. at 7-8, 13-23.

After screening the Complaint prior to ordering service, the Court found it suffered from various pleading deficiencies.  Among such deficiencies, the Complaint failed to comply with Federal Rule of Civil Procedure 8; sued immune defendant State of California; failed to state a Monell[1] claim against municipal defendants; improperly sued government officials in their official capacity; and improperly named private parties in a Section 1983 action.  Thus, on August 21,

---

[1] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

2014, the Court issued an order dismissing the complaint with leave to amend. Dkt. 5. The Court ordered Plaintiff to file a First Amended Complaint within 28 days of the service date of the order, and advised Plaintiff that failure to file a timely First Amended Complaint would result in a recommendation that the action be dismissed with prejudice. Id.

Plaintiff failed to timely file a First Amended Complaint. As a result, on October 6, 2014, the Court issued a Report and Recommendation that the action be dismissed for failure to prosecute. Dkt. 7.

On November 3, 2014, Plaintiff filed "objections" to the October 6, 2014, Report and Recommendation which appeared to request an extension of time to file objections. Dkt. 9. Thus, on November 5, 2014, the Court extended the time in which to file objections until November 26, 2014. Dkt. 8.

On November 26, 2014, Plaintiff filed objections to the October 6, 2014, Report and Recommendation. Dkt. 10. On December 3, 2014, the Court issued an order directing Plaintiff to either (1) file an amended complaint addressing the issues raised in the Court's August 21, 2014, dismissal order; or (2) file a statement that she did not wish to file an amended complaint and wished to proceed on the original complaint. Dkt. 11.

**B.     First Amended Complaint and January 8, 2015, Dismissal Order**

On December 29, 2014, Plaintiff filed a first amended complaint ("FAC"). Dkt. 13.

Once again, after screening the FAC prior to ordering service, the Court found it suffered from various pleading deficiencies. The Court found the FAC failed to state any claim upon which relief can be granted. Dkt. 14 at 3. The Court further found the FAC failed to provide sufficient information regarding "who Plaintiff is purporting to sue, what theory of liability she is purporting to sue under, or what facts support her theory of liability." Id. Thus, on January 8, 2015, the Court issued an order dismissing the FAC with leave to amend. Id. Plaintiff was

ordered to file a Second Amended Complaint within 28 days remedying the pleading deficiencies discussed in the dismissal order if she still desired to pursue this action. Id. The January 8, 2015, Order expressly admonished Plaintiff that failure to timely file a Second Amended Complaint would result in this action being dismissed with prejudice for failure to prosecute and failure to comply with Court orders. Id.

Plaintiff's time to file her Second Amended Complaint has now elapsed, and Plaintiff has not filed an amended complaint or otherwise communicated with the Court.

## III.
## DISCUSSION

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (standard applied in dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with

Case 2:14-cv-06095-GW-KK   Document 17   Filed 04/07/15   Page 5 of 6   Page ID #:256

court orders).

In the instant case, the first two factors – the public's interest in expeditious resolution of litigation, and the Court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not timely filed a Second Amended Complaint or a request for extension of time. Plaintiff's failure to timely file a Second Amended Complaint hinders the Court's ability to move this case toward resolution, and suggests Plaintiff does not intend to litigate this action diligently.

The third factor, prejudice to defendants, also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays the prosecution of an action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Here, there is no evidence to suggest such a presumption is unwarranted. See id.

The fourth factor – the public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move a case toward disposition at a reasonable pace, and to avoid dilatory or evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. Plaintiff has not timely filed a Second Amended Complaint, even though the Court expressly warned her of the consequences of failing to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to prosecute this action or comply with court orders.

The fifth factor – the availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move this case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown she is either unwilling or unable to obey court orders by filing a Second Amended Complaint in a timely fashion.

Finally, while dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent, see West Coast Theater Corp. v. City of

5

Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Plaintiff was expressly warned about the possibility of dismissal with prejudice in the event of her failure to respond to the Court's January 8, 2015, Order. Dkt. 14 at 7.[2]  Moreover, this is the second time the Court has issued a Report and Recommendation that the action be dismissed due to Plaintiff's failure to timely file an amended complaint.  Thus, this Court finds dismissal appropriate.

## IV.
## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order:  (1) approving and accepting this Final Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice for failure to prosecute and failure to comply with Court orders.

DATED:  April 7, 2015

*/s/ Kenly Kiya Kato*

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, Plaintiff received further notification with the original Report and Recommendation and the accompanying notice of the right to file objections.